

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00400-CV

---

IN THE INTEREST OF B.C.B., A CHILD

---

On Appeal from the County Court at Law
Moore County, Texas
Trial Court No. CL248-03, Honorable Delwin T. McGee, Presiding

---

May 14, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

T.H., father of B.C.B., filed notice of appeal from the trial court's order modifying the parent-child relationship. The clerk's record was filed in November 2014. A reporter's record was never filed. By letter of February 10, 2015, we directed T.H. to certify by February 25 that he had requested and made satisfactory payment arrangements for the reporter's record. T.H. made no response. By letter of March 17, we notified T.H. of the reporter's status report stating T.H. had not complied with the Court's order. Consequently, pursuant to appellate rule 37.3(c), in the same letter we notified T.H. we would consider and decide issues not requiring a reporter's record for decision. We further notified T.H. his brief was due thirty days hence, which was April

16. TEX. R. APP. P. 37.3(c). T.H. did not file a brief and did not otherwise communicate with the Court. By letter of April 23, we notified T.H. that his appellate brief was past due and his appeal was subject to dismissal for want of prosecution unless his brief was filed, along with a motion for extension of time, by May 4. Again, T.H. made no response.

An appellate court may dismiss an appeal for want of prosecution if an appellant fails to timely file a brief unless the appellant reasonably explains the failure and the appellee is not significantly injured by the failure. TEX. R. APP. P. 38.8(a)(1). On its own motion, with ten days' notice to the parties, an appellate court may dismiss an appeal for want of prosecution or failure to comply with a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(b), (c). Here, the record reveals T.H. has not timely filed a brief and has given us no reason for his failure to do so, despite notice requiring its filing by a specified date. We have given the parties the required ten days' notice.

Accordingly, T.H.'s appeal is now dismissed for want of prosecution and the failure to comply with a directive of the Court. *See* TEX. R. APP. P. 38.8(a)(1); 42.3(b), (c).

James T. Campbell
Justice

2